CULP, APPELLANT, *v.* POLYTECHNIC INSTITUTE OF NEW YORK ET AL., APPELLEES.

(No. 82AP-444—Decided October 5, 1982.)

Messrs. Knepper, White, Arter & Hadden, Ms. Sally Ann Walters and Mr. Richard A. Frye, for appellant.

Messrs. Porter, Wright, Morris & Ar-

thur, Mr. Richard A. Cheap and Mr. William M. Todd, for appellee Polytechnic Institute of New York.

Murphey, Young & Smith Co., L.P.A., Mr. James A. Savage and Mr. Alan L. Briggs, for appellee Peterson.

NORRIS, J. Plaintiff appeals from a judgment of the Franklin County Municipal Court sustaining defendants' motion to dismiss his complaint for lack of in personam jurisdiction.

Plaintiff sought from defendants, Polytechnic Institute of New York and Norman C. Peterson, recovery of the purchase price of used computer equipment shipped from plaintiff in Ohio to Polytechnic in New York. Defendants answered the complaint raising as one of their defenses lack of in personam jurisdiction, and then moved to dismiss the complaint for lack of in personam jurisdiction, accompanying their motions with affidavits from Peterson and a vice president of Polytechnic.

In his affidavit, Peterson stated that he was a professor of chemistry employed by Polytechnic; that he was a resident of New York; that plaintiff contacted him by telephone soliciting Polytechnic as a buyer of used computer equipment; that prior to the telephone call he had never heard of plaintiff or of his business; that all communications between himself and plaintiff occurred by telephone; that he never traveled to Ohio in connection with the transaction, either before or after the delivery of the computer equipment; that Polytechnic issued a purchase order and mailed the same from New York to Ohio; and that the equipment was shipped to Polytechnic in New York.

In his affidavit, the vice president stated that Polytechnic was an educational institution located in New York; that it issued a purchase order by mail from New York to plaintiff in Ohio; that the equipment was shipped by plaintiff to New York; and that Polytechnic engaged in no negotiations or transactions or business in Ohio.

Plaintiff's memorandum contra was accompanied by his affidavit, in which he stated that he "* * * entered into negotiations by long distance telephone for the purchase and sale of used computer equipment"; that numerous conversations transpired between himself and Peterson, many of which were initiated by Peterson; that Peterson had specific needs for computer equipment and that, in order to accommodate his needs, plaintiff agreed to locate and obtain specific items and obtained those items in the state of Illinois.

The trial court's decision granting defendants' motions, includes this language:

"Plaintiff * * * solicited business with nonresident New York defendants for the purpose of selling used computer equipment. Plaintiff and defendants negotiated the terms of the sale over the telephone and defendants never traveled to Ohio in connection with the transaction. Defendants completed a purchase order and mailed it to plaintiff who, in turn shipped the ordered equipment directly to defendants in New York. * * *

"* * *

"* * * [T]he Court finds that defendant Norman Peterson's conduct in participating in telephone negotiations with plaintiff does not constitute 'transacting any business in this state' within the meaning of Ohio Revised Code 2307.382 (A)(1). As such, this Court cannot properly exercise in personam jurisdiction over him or over Polytechnic Institute, on whose behalf Mr. Peterson is alleged to have acted."

Plaintiff raises one assignment of error:

"The Municipal Court erred in dismissing Plaintiff's Complaint on the basis that it lacked in personam jurisdiction over Defendants."

Plaintiff's assignment of error is predicated upon the trial court's application of a portion of Ohio's "long-arm" in

*personam* jurisdiction statute, R.C. 2307.382:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;"

The "transacting any business in this state" standard of R.C. 2307.382(A)(1) is also embodied in the Civil Rules relative to service of process on out-of-state defendants:

"RULE 4.3. Process: out-of-state service

"(A) When service permitted. Service of process may be made outside of this state * * * in any action in this state, upon a person who at the time of service of process is a nonresident of this state * * * who * * * has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state;"

Plaintiff contends that Ohio's long-arm statute extends *in personam* jurisdiction over out-of-state defendants to the limits permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution citing in support of his contention our opinion in *Green Terrace Development Co.* v. *Myles* (June 30, 1975), No. 74AP-398, unreported. Accordingly, he argues that the question for our resolution is whether or not a determination by the trial court that defendants transacted business in Ohio so as to render them subject to the jurisdiction of Ohio courts would be permissible under the Due Process Clause. Actually, it may be argued that this court no longer adheres to the view that the long-arm statute extends the *in personam* jurisdiction of Ohio courts to the furthest limit permitted by the Due Process Clause, but that, instead, the "transacting any business" standard is more restrictive in its grant of *in personam* jurisdiction over out-of-state defendants. See *Gold Circle Stores* v. *Chemical Bank* (1982), 4 Ohio App. 3d 10. However, it is not necessary that we decide that question in this appeal because we are of the opinion that *in personam* jurisdiction in this case is not permissible under the due process standard.

The leading case on the limits placed by the Due Process Clause on the power of state courts to enter binding judgments against persons not served with process within their boundaries is *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310, where the United States Supreme Court declared, at page 316, that:

"'* * * [D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * *'"

The United States Supreme Court later elaborated upon the "minimum contacts" test when it stated that:

"'* * * The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. * * *'" *Hanson* v. *Denckla* (1958), 357 U.S. 235, at 253.

Satisfaction of due process requirements of minimum contacts, fairness, and substantial justice has been recognized by our Supreme Court as a necessary condition precedent to valid service of process upon out-of-state defendants. *Wainscott* v. *St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133 [1 O.O.3d 78]. In order to determine whether it was fair and reasonable to require defendants to appear and defend this action in an Ohio court, we must examine the quality and nature of any activity conducted by defen-

dants in this state. *Wainscott, supra,* at 143.

Defendants were essentially passive buyers; the relationship was initiated by plaintiff making a telephone solicitation from Ohio to defendants in New York. The goods purchased were not custom-manufactured to defendants' order. By making this out-of-state solicitation, plaintiff manifested his willingness to transact business outside Ohio. Accordingly, plaintiff reasonably could expect to be drawn into court outside Ohio, while it is unlikely from defendants' conduct and their limited connection with Ohio that they reasonably should have anticipated being haled into court in Ohio. See *World-Wide Volkswagen Corp.* v. *Woodson* (1980), 444 U.S. 286.

We conclude that the record would not support a finding that Peterson was "transacting any business" in Ohio; that the quality and nature of any activities conducted by defendants in this state were insufficient to constitute due process "minimum contacts"; and that, in pursuit of substantial justice, it would be unfair to require defendants to defend the suit in Ohio. Under the facts of this case, in order for us to find *in personam* jurisdiction, we would have to determine that "minimum contacts" means "any contacts." Clearly, that would be inconsistent with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Although plaintiff relies upon our decision in *Green Terrace Development Co.* v. *Myles, supra,* as supporting *in personam* jurisdiction under circumstances similar to those in this cause, there is an important factual distinction since in that case the out-of-state defendant had initiated the relationship by a telephone call to the plaintiff in Ohio.

Having concluded that the trial court did not err in its determination, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.