### Goldstein v. Opolka
*[Cite as 8 AOA 501]*

*Case No. 90AP-492*
*Franklin County, (10th)*
*Decided November 13, 1990*

*Randall J. Luginbuhl, for Appellant.*

*Harvey Rogers, for Appellee.*

STRAUSBAUGH, J.

This is an appeal by plaintiff from a judgment of the Franklin County Municipal Court dismissing plaintiff's complaint. The trial court dismissed plaintiff's complaint on the basis that it lacked jurisdiction over her claim.

Apparently, plaintiff, Sarah M. Goldstein, first contacted defendant, Kevin S. Opolka, on August 10, 1988. Plaintiff initiated the contact by calling defendant in Miami, Florida, and requesting certain services which were to be performed in Miami. On August 23, 1988, plaintiff mailed defendant a two-page letter dated August 20, 1988 for defendant's review. On September 2, 1988, plaintiff again contacted defendant advising him of issues associated with her claim and advising him of factors which were to be considered in arriving at plaintiff's potential damages. On September 12, 1988, plaintiff sent from Columbus, Ohio, a sum of $500 to defendant as a retainer for legal services which were to be performed. Plaintiff subsequently contacted defendant requesting a statement showing the balance of the retainer and the charges so far incurred, Plaintiff then filed suit in Franklin County seeking a full refund of the retainer paid defendant. The trial court held that defendant had insufficient contacts within this state to confer jurisdiction over him for purposes of plaintiff's complaint and dismissed plaintiff's case.

On appeal, plaintiff sets forth but one assignment of error for this court's review: "The trial court erred in failing to confer jurisdiction of the court to hear plaintiff-appellant's claim."

Plaintiff argues that defendant had sufficient contacts in Ohio to allow the trial court to invoke jurisdiction over him. Plaintiff contends that defendant has admitted to having several telephone conversations and exchanging several pieces of correspondence with plaintiff. In so doing, plaintiff insists that defendant has held himself out for jurisdiction over his person in the courts of Ohio.

With regard to the power of state courts to enter binding judgments against persons not served with process within their state boundaries, the United States Supreme Court in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, held:

"'*** [D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ***'" *Id.* at 316.

As recognized by the Supreme Court in *International Shoe, supra,* the requirements of due process revolve around "*** the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. ***" *Id.* at 319. Thus it is not the number of contacts that a defendant

has within the forum state, but the important factor for establishing personal jurisdiction involves review of the quality and nature of those contacts. *Wainscott v. St. Louis-San Francisco Ry. Co.* (1976), 47 Ohio St. 2d 133, 143.

In *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, the Supreme Court reaffirmed the minimum contact standard utilized for establishing personal jurisdiction in a forum state which this court has noted. In *Indus. Comm. v. First Natl. Bank of St. Paul* (May 16, 1989), Franklin App. No. 88AP-1013, unreported (1989 Opinions 1673), this court recognized the current due process test developed by the United States Supreme Court for determining whether a defendant may be haled into the forum state:

"The court, in *World-Wide,* focused more on 'reasonableness' and 'fairness.' Recognizing, at 293, that '"*** modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity[,]'" the court set out to make the standard more flexible.

"A two-step analysis was established to determine if the due process requirements were met in exercising personal jurisdiction over the defendant. The first step involves determining if the defendant has minimum contacts with the forum state. Although foreseeability in the traditional sense is not relevant, a different form of foreseeability is important. It is not the mere likelihood that a defendant would find himself having to defend an action in the forum state, but, as the court held in *World-Wide, supra,* at 297, it is the foreseeability '*** that he should reasonably anticipate being haled into court there. ***' In other words, does defendant's conduct and activity place him on sufficient notice that he may have to defend a suit in the forum state.

"Therefore, the test for determining if a defendant has minimum contacts with the forum state has evolved from merely determining the 'quality and nature' of the contacts to examining them in light of defendant's reasonable awareness that by those contacts, he has subjected himself to personal jurisdiction in the forum state. As the court in *World-Wide, supra,* stated, at 297, such a test will give '*** a degree of predictability to the legal system that allows

potential defendants to structure their primary conduct with some minimum assurance as to whether that conduct will and will not render them liable to suit.'" *Id.* at 1676-1677.

Applying the foregoing test to the facts of the present case, we conclude that defendant would not reasonably anticipate being haled into court in Columbus, Ohio. Defendant resides in Miami, Florida; has never been in Columbus, Ohio; has never been in the state of Ohio; has never maintained a business in Ohio; and has never maintained an interest in a business in Ohio. The only contacts that defendant has had with this state were interstate communications with his client, *i.e.,* mail and telephone calls between defendant in Miami, Florida, and plaintiff in Columbus, Ohio. We note that even these contacts appear to have been primarily initiated by plaintiff. Thus we do not believe that in applying the due process standard, plaintiff has established that defendant has sufficient minimum contacts with Ohio in order to establish personal jurisdiction over him.

Moreover, we do not believe that defendant is properly subject to Ohio's long-arm statute. This court has recognized that Ohio's long-arm statute may not extend the *in personam* jurisdiction of Ohio courts to the furthest limits permitted by due process. See *Culp v. Polytechnic Institute of New York* (1982), 7 Ohio App. 3d 352. R.C. 2307.382 provides, in pertinent part:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state;

"The *** standard is also embodied in the Civil Rules relative to service of process on out-of-state defendants[.]"

Civ. R. 4,3 provides, in relevant part:

"(A) *When service permitted.* Service of process may be made outside of this state *** in any action in this state, upon a person who at the time of service of process is a nonresident of this state *** who *** has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state[.]"

The language "transacting any business in this state" requires an actual transaction

of business, not just an impact on Ohio commerce. See *Ohio State Tie and Timber, Inc. v. Paris Lumber* (1982), 8 Ohio App. 3d 236; *Indus. Comm. v. First Natl. Bank, supra.* In light of the facts presented in the present case, we do not find that defendant has transacted any business in this state which would render him subject to personal jurisdiction pursuant to Ohio's long-arm statute. Accordingly, plaintiff's assignment of error is not well-taken and is overruled.

Defendant has filed a motion for attorney fees and costs and a motion to dismiss plaintiff's appeal. We find both motions to be not well-taken, and they are therefore denied.

Based upon the foregoing, plaintiff's assignment of error is not well-taken and is overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

REILLY, P.J., and YOUNG, J., concur.