**SALES CONSULTANTS, Appellant,**

v.

**BUEHLER LUMBER COMPANY, Appellee.**

[Cite as *Sales Consultants v. Buehler Lumber Co.* (1992), 79 Ohio App.3d 289.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62613.

Decided April 20, 1992.

*Morris Levin,* for appellant.

*Steven M. Bales,* for appellee.

*Per Curiam.*

This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.R. 25 of the Cuyahoga County Court of Appeals. The plaintiff-appellant, Sales Consultants, appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted the defendant-appellee's motion to dismiss for lack of *in personam* jurisdiction.

The appellant's appeal is not well taken.

On June 5, 1989, the appellant filed a complaint in the Cuyahoga County Court of Common Pleas which alleged that the appellee had breached an employee recruitment contract. The following facts formed the basis of the appellant's complaint: (1) the appellant was an executive management recruiter who provided information to potential employers of possible employees; (2) the appellant was an Ohio corporation; (3) the appellee was a Pennsylvania corporation which specialized in the milling, cutting and preparation of lumber; (4) the appellee was in need of an employee who was a "dimension" specialist; (5) the appellee placed an advertisement in a trade publication which sought a "dimension" specialist; (6) the appellant contacted the appellee with regard to a potential candidate, Ed Ewald, for the position of "dimension" specialist; (7) several conversations by telephone occurred between the appellant and the appellee with regard to the employment of Ed Ewald as a "dimension" specialist; (8) Ed Ewald, the potential employee, submitted his own resume and application to the appellee; (9) the appellee did hire Ed Ewald as a "dimension" specialist; and (10) the appellee refused to pay to the appellant the sum of $13,500 which was allegedly due as a result of the employment of Ed Ewald.

On May 16, 1991, the appellee filed a motion to dismiss the appellant's complaint for lack of personal jurisdiction pursuant to Civ.R. 12(B)(2). On July 1, 1991, the appellant filed a brief in opposition to the appellee's motion to dismiss. On September 23, 1991, the trial court granted the appellee's motion to dismiss for lack of personal jurisdiction.

Thereafter, the appellant timely filed the instant appeal.

The appellant's sole assignment of error is that:

"The trial court committed reversible error in granting defendant's motion to dismiss for lack of personal jurisdiction."

The appellant, through its sole assignment of error, argues that the trial court erred in granting the appellee's motion to dismiss as based upon a lack of *in personam* jurisdiction. The appellant specifically argues that the appellee transacted business in the state of Ohio, which established "minimum

contacts" and thus allowed the trial court to obtain *in personam* jurisdiction over the appellee.

The appellant's sole assignment of error is not well taken.

R.C. 2307.382, which defines a trial court's ability to exercise *in personam* jurisdiction, provides in pertinent part that:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

"(1) Transacting any business in this state[.] * * *'"

In addition, the Supreme Court of Ohio has examined the issue of *in personam* jurisdiction *vis-a-vis* R.C. 2307.382 and has held that:

"It is well-established that ' * * * due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have *certain minimum contacts* with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95, 101]. Ordinarily, this requires that a party 'purposefully * * * [avail] itself of the privilege of conducting activities within the forum State * * *.' *Hanson v. Denckla* (1958), 357 U.S. 235, 253 [78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, 1297]. In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum and the litigation * * *.' *Shaffer v. Heitner* (1977), 433 U.S. 186, 204 [97 S.Ct. 2569, 2579, 53 L.Ed.2d 683, 697].

"Courts have consistently held that foreseeability is one of the primary factors to be considered in determining whether there are sufficient minimum contacts. ' * * * [T]he foreseeability that is critical to due process analysis * * * is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.' *World–Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 297 [100 S.Ct. 559, 567, 62 L.Ed.2d 490, 499]. Thus, where the defendant 'has created "continuing obligations" between himself and residents of the forum, *Travelers Health Assn. v. Virginia* [1950], 339 U.S. [643] at 648 [70 S.Ct. 927, 930, 94 L.Ed. 1154, 1161], * * * he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protection" of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. Jurisdiction in these circumstances may not be avoided merely because the defendant did not *physically* enter the forum State.' (Emphasis *sic*.) *Burger King Corp. v. Rudzewicz* (1985), 471 U.S. 462, 475–476 [105 S.Ct. 2174, 2183–2184, 85 L.Ed.2d 528, 542–543]." (Emphasis added.) *Anilas, Inc.*

*v. Kern* (1987), 31 Ohio St.3d 163, 164, 31 OBR 366, 367, 509 N.E.2d 1267, 1268.

Finally, this court in *Erie Shore Indus., Inc. v. Cumberland Steel, Inc.* (June 7, 1990), Cuyahoga App. No. 57053, unreported, 1990 WL 75221, held that "certain minimum contacts" involves the following five factors:

1. established activity by the non-resident in the forum state;

2. the non-resident takes advantage of the privileges and benefits of the forum state;

3. the non-resident solicits business through agents or advertising reasonably calculated to reach the forum state;

4. it is foreseeable that the non-resident will litigate in the forum state; and

5. the convenience to the litigants and the fairness of requiring the non-resident to come to the forum state.

A review of the record in the case *sub judice* fails to demonstrate that the appellee had "certain minimum contacts" with the state of Ohio. The affidavit attached to the appellee's motion to dismiss, as provided by the appellee's president, established that: (1) contacts and negotiations between the appellant and the appellee were conducted by telephone or fax machine; (2) the appellant made the initial contact with the appellee and also initiated the majority of telephone conversations; (3) the appellee never transacted or solicited business within the state of Ohio nor was the appellee authorized to do business within the state of Ohio; (4) the appellee had no office or place of business within the state of Ohio; (5) the hired employee was a resident of the state of Pennsylvania; and (6) the appellee never traveled to Ohio to interview the potential employee or to negotiate with the appellant.

The affidavit and other evidentiary material attached to the appellant's brief in opposition to the motion to dismiss did not establish the existence of "certain minimum contacts" on the part of the appellee with the state of Ohio. Also, the appellant's affidavit and the evidentiary material clearly shows that it was the appellant who initially contacted the appellee. Finally, the appellant's affidavit and the evidentiary materials fail to establish: (1) activity by the appellant in the state of Ohio; (2) the appellee took advantage of the privileges and benefits of the state of Ohio; (3) the appellee solicited business within the state of Ohio; (4) it was foreseeable that the appellee would litigate within the state of Ohio; and (5) it was convenient to the litigants and fairness required the appellee to come to the state of Ohio. Cf. *Friedman v. Speiser, Krause & Madole, P.C.* (1988), 56 Ohio App.3d 11, 565 N.E.2d 607; *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.* (1982), 8 Ohio App.3d 236, 8 OBR

309, 456 N.E.2d 1309; *Culp v. Polytechnic Inst. of New York* (1982), 7 Ohio App.3d 352, 7 OBR 451, 455 N.E.2d 698. Thus, the trial court did not err as a result of granting the appellee's motion to dismiss for lack of *in personam* jurisdiction and the appellant's sole assignment of error is not well taken.

*Judgment affirmed.*

MATIA, C.J., FRANCIS E. SWEENEY and ANN MCMANAMON, JJ., concur.