FRANK, Acting Chief Judge.
This ease involves the domestication of a foreign judgment in Florida pursuant to the “Florida Enforcement of Judgments Act,” section 55.501, et seq., Florida Statutes (1995). Avery Dennison Corporation, having obtained a judgment in Ohio against System One Southeast, Inc. in the amount of $21,-288.54, plus interest, recorded the judgment in the circuit court of Hillsborough County. Avery Dennison filed an affidavit of jurisdiction with the judgment. System One then filed an action pursuant to section 55.509(1), Florida Statutes challenging Ohio’s jurisdiction. That statute provides that within thirty days from the recording of the foreign judgment, the debtor can contest the jurisdiction of the court entering the judgment. Avery Dennison moved for summary judgment, both sides filed affidavits, and after a hearing the trial court granted summary judgment in favor of Avery Dennison. The trial court’s theory was that System One had to contest jurisdiction in Ohio; once the Ohio court entered the judgment and it was filed in Florida, Avery Dennison was entitled to summary judgment. We reverse because substantial issues of material fact precluded summary judgment.
*666 As stated in Hinchee v. Golden Oak Bank, 540 So.2d 262, 263 (Fla. 2d DCA 1989), the “analysis of fall faith and credit under the United States Constitution is the same analysis utilized in any action to enforce a foreign judgment... .It is well established that a foreign judgment may be challenged on grounds that the foreign court lacked jurisdiction over the person.” A successful challenge will depend upon an analysis of several factors.
First, Avery Dennison contended that System One appeared in the Ohio court and failed to challenge personal jurisdiction, thus waiving that defense. Nelson Roman, the president of System One, upon receiving a copy of the lawsuit, wrote to the Ohio court within the 30-day time for responding to the complaint and stated that Avery Dennison essentially was suing the wrong corporation. This apparently was sufficient to prevent entry of a default. However, a corporation cannot “appear” in a lawsuit unless represented by an attorney. Nelson Roman could not represent the “fictional person” of the corporation and thus could not waive the corporation’s right to contest jurisdiction. See K.M. A., Inc. v. General Motors Acceptance Corp., 652 F.2d 398 (5th Cir.1981) (corporation can only be represented by licensed counsel; however, filing of notice of appeal by someone who is not an attorney was not sufficient to deprive appellate court of jurisdiction to consider appeal.).
On these facts, the trial court should not have assumed that System One waived the jurisdictional defense. The second step in the analysis was for the court to determine whether jurisdiction over the defendant comported with the Ohio long-arm statute. Section 2307.382(A)(1), Ohio Statutes (1995), provides:
(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person’s
(1) Transacting any business in this state.
The affidavit submitted by Avery Dennison’s credit manager in support of summary judgment averred that “on various dates” Avery Dennison provided System One “with various services and goods.” That statement is wholly inadequate for a finding that System One “transacted any business” in Ohio. Nelson Roman of System One was a little more specific about the dealings between the two companies. He testified on deposition that he called Avery Dennison in Ohio and ordered labels, issued purchase orders for the labels, corresponded with Avery Dennison by mail or by fax, and sent money to Avery Dennison to pay for some of the goods. Roman never visited Avery Dennison in Ohio, nor did any contracts contemplate the appropriate forum for a lawsuit between the two parties.
The issue of whether a foreign corporation’s activities constitute the transaction of business so as to submit that company to the jurisdiction of the Ohio courts is resolved on a case-by-case basis, because the fact situations are “highly particularized.” U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K’s Foods, Inc., 68 Ohio St.3d 181, 183, 624 N.E.2d 1048, 1051 (1994). In those cases where the corporation has been held to transact business, the company generally has an active business presence within Ohio. Such probably cannot be said of System One in this case, which merely placed orders and received goods with an Ohio company. System One was what has been called a “passive buyer,” where the orders were solicited by telephone or by mail. See Culp v. Polytechnic Institute of New York, 7 Ohio App.3d 352, 455 N.E.2d 698 (1982). The “fact that defendant directed multiple purchase orders to plaintiff is [not] sufficient to make the exercise of jurisdiction over defendant reasonable.” Novar Controls Corp. v. Brott Mechanical, Inc., 1989 WL 69704 (Ohio App. 9 Dist. June 14, 1989). “The ordering of goods from an Ohio resident by a nonresident, where the goods are to be shipped to the nonresident by the Ohio resident, does not constitute the transaction of business in Ohio by the nonresident who ordered the goods.” Ohio State Tie & Timber, Inc. v. Paris Lumber Co., 8 Ohio App.3d 236, 456 N.E.2d 1309 (1982).
Finally, even if System One were to be held to have transacted business in Ohio, the third step would be to examine the constitu *667 tional considerations involved in minimum contacts analysis. Under the circumstances, it is not clear that System One reasonably anticipated being dragged to court in Ohio if it did not pay its bills. To do so would offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 810, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Because of the need for more intense analysis of the application of the facts of this case, some of which may not have been fully developed below, to the Ohio long arm statute and to the constitutional law of minimum contacts, summary judgment was not appropriate. Accordingly, we reverse and remand for further proceedings.
BLUE, J., and DEMERS, DAVID A., Associate Judge, concur.