KEYBANK NATIONAL ASSOCIATION, Appellee,

v.

TAWILL, d.b.a. ST Foreign Auto, Appellant.

[Cite as *Keybank Natl. Assn. v. Tawill* (1998), 128 Ohio App.3d 451.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73567.

Decided July 20, 1998.

452

*Weltman, Weinberg & Associates* and *Scott S. Weltman,* for appellee.

*Richard F. Smith, Jr.,* for appellant.

---

*Per Curiam.*

Defendant-appellant Samir Tawill, d.b.a. ST Foreign Auto, appeals the order entered by the Cuyahoga County Court of Common Pleas wherein the court denied the motion to vacate the default judgment taken against him in favor of plaintiff-appellee Keybank National Association. Appellant alleges that the trial court was without jurisdiction to enter a default judgment against him. For the reasons stated below, we reverse.

On November 4, 1996, appellee filed its complaint, alleging that appellant was indebted to it as the result of chargebacks and debits on its bank account after appellant's account was closed. Appellee sought judgment in the amount of $8,155.17 plus accrued interest. Appellee asserted in its complaint that its cause of action arose in Cleveland, Ohio because the services that were the subject of the action had been rendered and the account had been maintained at appellee's principal place of business in Cleveland. A copy of the complaint was served at the address of appellant in Syracuse, New York on November 18, 1996. Appellant did not answer the complaint or otherwise defend this action. No attorney entered an appearance on his behalf. On March 27, 1997, the trial court entered default judgment against appellant. On October 30, 1997, appellant filed a motion to vacate the default judgment and to dismiss the action against him. The motion to vacate, the subject of this appeal, was denied by the trial court on November 4, 1997. On November 7, appellant moved the court to reconsider this denial. On November 14, 1997, the court denied appellant's motion for reconsideration. On January 15, 1998, motion for leave to file an amended notice of appeal was granted by this court. On November 28, 1997, the App.R. 9(A) record was filed with this court. On January 13, 1998, this appeal was dismissed *sua sponte* for failure to file the record; however, on February 10, 1998, this court granted appellant's motion to reinstate the appeal on an App.R. 9(A) record that had already been filed with the court. Appellant advances one assignment of error for our review:

"The trial court erred in denying the motion to vacate judgment and to dismiss action filed by the defendant–appellant."

In his sole assignment of error, appellant contends that the trial court erred in denying his motion to vacate the default judgment taken against him and in failing to dismiss the action. Specifically, appellant asserts that he is a resident of New York state, has transacted no business in Ohio, and has never consented

to the trial court's jurisdiction over his person and that the judgment of the trial court is, therefore, void *ab initio*. On the other hand, appellee asserts that Ohio's long-arm statute and the applicable Civil Rules confer personal jurisdiction over the appellant because he "transacted business in Ohio by utilizing the merchant account services" that it provided. Appellee asserts in its complaint that the cause of action arose in Cleveland, inasmuch as the services that are the subject of the action were rendered and the account was maintained at appellee's place of business in Cleveland.

We are asked to determine whether Ohio's long-arm statute and applicable Civil Rules conferred personal jurisdiction over appellant. A judgment is void *ab initio* where a court rendering the judgment has no jurisdiction over the person. *Records Deposition Serv., Inc. v. Henderson & Goldberg, P.C.* (1995), 100 Ohio App.3d 495, 654 N.E.2d 382; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156, 19 OBR 246, 483 N.E.2d 870. Courts have inherent power to vacate void judgments. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four at the syllabus. Ohio courts may exercise personal jurisdiction over nonresidents who satisfy the requirements set forth in Ohio's long-arm jurisdiction statute, R.C. 2307.382 and Civ.R. 4. The long-arm statute and Civil Rule are consistent and complement the other. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.* (1990), 53 Ohio St.3d 73, 559 N.E.2d 477. Each is broadly worded and permits jurisdiction over nonresidents who are transacting business in Ohio. *Id.* Determination of whether the court has jurisdiction over the person is a two-step process. First, the court must look at R.C. 2307.382 or Civ.R. 4 to determine jurisdiction and then the court must decide whether the exercise of jurisdiction would deprive defendant of due process. *U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 624 N.E.2d 1048; *Kentucky Oaks, supra.*

R.C. 2307.382 provides:

"(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

"(1) Transacting any business in this state."

Civ.R. 4.3(A)(1) further provides:

"When Service Permitted. Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state. 'Person' includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an

agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

"(1) Transacting any business in this state."

■ "Transacting any business" is a broad statement that "has given rise to a multitude of cases which 'have reached their results on highly particularized fact situations, thus rendering any generalization unwarranted,'" *U.S. Sprint, supra*, 68 Ohio St.3d at 185, 624 N.E.2d at 1052, quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280. The term "transact" as used in the phrase "[t]ransacting any business" encompasses the meaning "'to carry on business; to have dealings * * * but it is a broader term than the word "contract."'" (Emphasis deleted.) *Kentucky Oaks Mall, supra*, 53 Ohio St.3d at 75, 559 N.E.2d at 480, quoting Black's Law Dictionary (5 Ed. 1979) 1341. In determining whether a nonresident's activities amount to "transacting business," courts must make this determination on a case-by-case basis. *Sprint*, 68 Ohio St.3d at 185, 624 N.E.2d at 1052. Once a timely challenge to personal jurisdiction has been made, the plaintiff has the burden of establishing that the trial court has jurisdiction. *Jurko v. Jobs Europe Agency* (1975), 43 Ohio App.2d 79, 72 O.O.2d 287, 334 N.E.2d 478; *Pharmed Corp. v. Biologics, Inc.* (1994), 97 Ohio App.3d 477, 646 N.E.2d 1167.

■ From the record before us it is clear that appellant was not "transacting business in this state" within the plain meaning of the long-arm statute, R.C. 2307.382, or Civ.R. 4.3. Even when construing the facts in the record as put forth in the complaint and appellant's affidavit in a light most favorable to appellee, the record reveals appellant is not and never has been a resident of the state of Ohio. Moreover, as stated in appellant's affidavit, appellant's business is limited to the sale of auto parts and provision of auto repair services entirely within the state of New York. Appellee's claims arose from transactions owed on a merchant account that had been opened with a commercial bank in Syracuse, New York. That bank was later taken over by appellee. The merchant account was subsequently closed. However, while appellant's merchant account was open and active, appellant never corresponded or communicated with anyone in Ohio in connection with the account. The debits and chargebacks that are the basis of this action arose entirely out of the auto repairs and sales made in the state of New York.

Based upon the foregoing facts it cannot be said that appellant carried on business or had dealings in Ohio, *i.e.*, it cannot be said he transacted business in Ohio. *Sales Consultants v. Buehler Lumber Co.* (1992), 79 Ohio App.3d 289, 607 N.E.2d 94; *Soc. Natl. Bank v. Campbell & Campbell* (June 3, 1993) Cuyahoga App. No. 64603, unreported, 1993 WL 190319; *Kentucky Oaks, supra*; R.C.

2307.382. Therefore, Ohio's long-arm statute did not permit the trial court to exercise *in personam* jurisdiction over appellant.

Where we have found that *in personam* jurisdiction does not exist by virtue of the statute or the rule, it is unnecessary to examine whether jurisdiction would comport with the due process of law. Even so, we note that it cannot be said that appellant should have reasonably foreseen that his transaction with his local bank in Syracuse, New York would have consequences in Ohio. *Gold Circle Stores v. Body Maven, Inc.* (S.D.Ohio 1988), 711 F.Supp. 897, 900.

Accordingly, upon a thorough review of the record and the foregoing case law, we conclude that the trial court lacked *in personam* jurisdiction over appellant and that the default judgment taken against him on March 27, 1997 is *void ab initio*. The trial court erred in its denial of appellant's motion to vacate the judgment.

The judgment of the trial court is reversed, and the judgment taken against appellant is vacated.

*Judgment reversed.*

NAHRA, P.J., O'DONNELL and TIMOTHY E. MCMONAGLE, JJ., concur.