OPINION
Plaintiffs-appellants, Agnes McAllen, et al., appeal a decision of the Mahoning County Common Pleas Court dismissing their cause of action against defendant-appellee, Steven Welsh, for lack of personal jurisdiction.
Appellants, Agnes McAllen, Ronald McAllen, Gloria McGuire, Daniel McGuire, Norman McGuire, and Victor McGuire, were allegedly involved in a motor vehicle accident with appellee in Pennsylvania on September 14, 1996. On September 3, 1998, appellants filed a complaint in the Mahoning County Court of Common Pleas against appellee alleging negligence and naming as additional party defendants American States Insurance Company, Golden Rule Insurance Company, Super Blue Plus, and Textile Processors Local #1. Golden Rule Insurance Company and Textile Processors Local #1 were subsequently dismissed from the lawsuit.
On October 28, 1998, appellee, a Pennsylvania resident, filed a motion to quash service and to dismiss for lack of personal jurisdiction. On November 30, 1998, appellants responded with a motion in opposition and a counter-motion to stay.
On March 1, 1999, the trial court sustained appellee's motion and dismissed him from the case based on lack of jurisdiction. Appellants appealed this decision on April 2, 1999. This court dismissed the appeal on the ground that the trial court's decision was not a final appealable order. Subsequently, on May 20, 1999, the trial court issued a similar entry with the additional finding that there was no just reason for delay, making the entry a final appealable order. This appeal followed.
Appellants' first assignment of error states:
 "The trial court erred, in dismissing Plaintiff's action since Civ.R. 3(D) mandates that the trial court hear the action when the Defendant refuses to consent to the jurisdiction of another tribunal, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations in the other tribunal."
Appellants' response to appellee's motion to dismiss was premised entirely on Civ.R. 3(D). Appellants advance the same arguments on appeal. Civ.R. 3(D) states:
 "When a court, upon motion of any party or upon its own motion, determines: (1) that the county in which the action is brought is not a proper forum; (2) that there is no other proper forum for trial within this state; and (3) that there exists a proper forum for trial in another jurisdiction outside this state, the court shall stay the action upon condition that all defendants consent to the jurisdiction, waive venue, and agree that the date of commencement of the action in Ohio shall be the date of commencement for the application of the statute of limitations to the action in that forum in another jurisdiction which the court deems to be the proper forum. If all defendants agree to the conditions, the court shall not dismiss the action, but the action shall be stayed until the court receives notice by affidavit that plaintiff has recommenced the action in the out-of-state forum within sixty days after the effective date of the order staying the original action. If the plaintiff fails to recommence the action in the out-of-state forum within the sixty day period, the court shall dismiss the action without prejudice. If all defendants do not agree to or comply with the conditions, the court shall hear the action.
 "If the court determines that a proper forum does not exist in another jurisdiction, it shall hear the action."
Appellants argue that, if a court determines that Ohio is not the proper forum and the defendant refuses to consent to the conditions of Civ.R. 3(D), the court must hear the case pursuant to rule. Appellants continually focus on the language in the rule which states that "the court shall hear the action."
As appellee correctly notes, appellants reliance on Civ.R. 3(D) in support of personal jurisdiction over appellee is completely misplaced. Civ.R. 3 deals entirely with venue and not a court's jurisdiction over the parties.
The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is a concept distinct from and typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. See, generally, 4 Wright, Miller Cooper, Federal Practice Procedure (1987) 224, Section 1063; 15 Wright, Miller Cooper, Federal Practice Procedure (1986) 3, Section 3801. See, also, Lindahl v. Office of Personnel Management (1985), 470 U.S. 768,793, n. 30[1]; Leroy v. Great Western United Corp. (1979), 443 U.S. 173,180. Furthermore, a complete reading of the rule upon which appellants rely undermines their position. Civ.R. 3(G) explicitly states, "The provisions of this rule relate to venue and are not jurisdictional."
Accordingly, appellants' first assignment of error is without merit.
Appellants' second assignment of error states:
 "The trial court erred in that it relied not on evidence properly before the court, but solely upon the allegations contained in the Defendant-Appellee's motion to dismiss."
Appellants argue that the trial court relied solely on the allegations contained within appellee's motion to dismiss and ruled on the motion without evidence and without conducting an evidentiary hearing.
Once a defendant challenges personal jurisdiction, the plaintiff has the burden of establishing that the trial court has jurisdiction. KeybankNatl. Assn. v. Tawill (1998), 128 Ohio App.3d 451, 455. See, also, Jurkov. Jobs Europe Agency (1975), 43 Ohio App.2d 79; Pharmed Corp. v.Biologics, Inc. (1994), 97 Ohio App.3d 477.
When determining whether a state court has personal jurisdiction over a nonresident defendant the court is obligated to engage in a two-step analysis. First, the court must determine whether Ohio's long-arm statute, R.C. 2307.382, and the complementary civil rule, Civ.R. 4.3, confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. U.S. Sprint Communications Co. Ltd. Partnership v.Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-184; Goldstein v.Christiansen (1994), 70 Ohio St.3d 232, 235.
R.C. 2307.382 provides in relevant part:
 "(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
"(1) Transacting any business in this state;
 "(2) Contracting to supply services or goods in this state;
 "(3) Causing tortious injury by an act or omission in this state;
 "(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
 "(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
 "(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.
 "(8) Having an interest in, using, or possessing real property in this state;
 "(9) Contracting to insure any person, property, or risk located within this state at the time of contracting."
Appellants' complaint sets forth a typical negligence claim alleging personal injuries. Based simply on the nature of appellants' cause of action, subsections (1), (2), (5), (6), (7), (8), and (9) do not apply. Furthermore, both the alleged negligent acts and/or omissions and alleged injuries occurred in Pennsylvania, therefore, subsections (3) and (4) do not apply. In sum, appellants failed to satisfy the first step in establishing the trial court's jurisdiction over appellee. Appellants relied solely on Civ.R. 3(D) in opposing appellee's motion. There were no facts alleged that the court had jurisdiction over appellee. In contrast, appellee's motion to dismiss illustrates and explains in detail how the facts alleged in appellants' own complaint neither satisfies Ohio's long-arm statute nor comports with the Due Process Clause of theFourteenth Amendment to the United States Constitution.
Accordingly, appellants' second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs
Waite, J., concurs
[1] "Venue provisions come into play only after jurisdiction has been established and concern `the place where judicial authority may be exercised'; rather than relating to the power of a court, venue `relates to the convenience of litigants and as such is subject to their disposition.' Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165,168, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939)."