JOURNAL ENTRY and OPINION
{¶ 1} This case is before the court on appeal from a decision of the Cuyahoga County Court of Common Pleas entering judgment by default against defendant EuroCargo Express in the amount of $39,651.35 and awarding attorney's fees in the amount of $7,700. EuroCargo argues:
 {¶ 2} I. THE TRIAL COURT'S ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT EUROCARGO IS INVALID FOR LACK OF BOTH SUBJECT MATTER AND PERSONAL JURISDICTION.
 {¶ 3} II. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE ULTIMATE SANCTION OF DEFAULT JUDGMENT AGAINST DEFENDANT, WHERE DEFENDANT EUROCARGO'S ACTIONS WERE NOT WILLFUL OR IN BAD FAITH.
 {¶ 4} III. THE TRIAL COURT SHOULD HAVE DISMISSED PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM; PLAINTIFF DID NOT SATISFY THE CLEAR REQUIREMENTS OF CIV.R. 9(B) IN ALLEGING FRAUD.
 {¶ 5} IV. BECAUSE PLAINTIFF FAILED TO ITEMIZE THE TIME SPENT ON DISCOVERY, THE TRIAL COURT'S AWARD OF ATTORNEY'S FEES WAS EXCESSIVE AND ARBITRARY.
{¶ 6} We find the common pleas court did not have personal jurisdiction over EuroCargo. Therefore, we reverse and remand with instructions to dismiss.
 PROCEDURAL BACKGROUND
{¶ 7} The complaint in this case was filed on May 25, 2000. It alleged that plaintiff Escada International, Inc. arranged for EuroCargo to ship freight from California to Moscow, Russia. Escada paid EuroCargo in advance for the shipment and insurance. Escada claimed EuroCargo made false and fraudulent material misrepresentations that the shipment would be timely delivered, but did not account for the shipment and would not return Escada's prepayment. Escada claimed compensatory damages of $40,000 as well as punitive damages of $10,000, interest, costs and attorney's fees. EuroCargo's answer alleged, among other things, that the Warsaw Convention barred or limited plaintiff's claims.
{¶ 8} EuroCargo moved to dismiss the complaint on the ground that the court did not have personal jurisdiction and the complaint failed to state a claim. The court overruled this motion on January 25, 2001 in a half-sheet entry which stated:
 {¶ 9} Defendant's motion to dismiss is denied. Under the Ohio Long Arm Statute, an Ohio court can exercise personal jurisdiction over nonresidents of Ohio on claims arising from the non-resident's transacting any business in Ohio. Compuserve, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996).
{¶ 10} Meanwhile, Escada moved the court on three occasions to compel EuroCargo to provide discovery. The first motion, filed October 5, 2000, alleged that EuroCargo refused to answer interrogatories or to provide documents. The court granted this motion on October 25, 2000. Escada again moved to compel discovery on February 21, 2001. The court granted this motion on March 28, 2001, and required EuroCargo to provide responses to outstanding discovery requests within 14 days of the court's entry. Finally, Escada filed a motion for sanctions on April 27, 2001. Escada asked the court to award it judgment on its complaint and to award attorney's fees. The court granted this motion on May 15, 2001 in the following journal entry:
 {¶ 11} Upon consideration of Plaintiff's Third Motion for Sanctions under Civ. Rule 37, which remains unopposed, the Court finds that Defendant herein has willfully failed to submit to discovery as ordered by this Court in two (2) motions heretofore granted. As a result, the sanctions requested by Plaintiff are granted as the Court does not find them to be unduly harsh or unreasonable given the Defendant's utter disregard for the Court's authority and rulings. Plaintiff is hereby granted a judgment by default against Defendant in the amount of $39,651.35 as and for compensatory damages. Plaintiff is further granted an award of reasonable attorney fees, the amount to be determined at a subsequent hearing. See, Tingler vs. Buckeye Fireworks (1983), 12 O.App.3d 58 and Sedgwick vs. Kowalski (1985), 24 O.App.3d 109.
{¶ 12} IT IS SO ORDERED.
{¶ 13} EuroCargo immediately appealed from this order. This appeal was dismissed for lack of a final appealable order.
{¶ 14} EuroCargo also filed a motion for relief from judgment, asserting that the common pleas court did not have jurisdiction under the Warsaw Convention, that EuroCargo was not liable under the Warsaw Convention, and that default judgment was too severe a sanction. The motion for relief from judgment was denied.
{¶ 15} The court held a hearing on October 16, 2001 on the amount of Escada's attorney's fee award. On December 21, 2001, the court entered judgment, awarding Escada attorney's fees in the amount of $7,700. EuroCargo appeals from this order.
 LAW AND ANALYSIS
{¶ 16} EuroCargo's first assignment of error alleges that the judgment should be reversed because the common pleas court did not have subject matter jurisdiction over Escada's claim or personal jurisdiction over EuroCargo. We examine each of these contentions separately.
 A. Subject Matter Jurisdiction.
{¶ 17} EuroCargo first argues that the common pleas court lacked subject matter jurisdiction over Escada's complaint because this action is governed by the Warsaw Convention, which mandates that the action be brought either in California or Russia. Although EuroCargo did not raise this issue before the common pleas court until it moved for relief from the judgment, the question of the court's subject matter jurisdiction can be raised at any time, even after judgment or on appeal. See Civ.R. 12(H)(3); Richland Hosp., Inc. v. Ralyon (1987), 33 Ohio St.3d 87, 89. For purposes of this appeal, we will assume the Warsaw Convention would apply to Escada's claim and consider whether that fact would deprive this court of subject matter jurisdiction. We find that it does not.
{¶ 18} The Warsaw Convention, 49 U.S.C. § 40105 note, applies by its terms to all international transportation of * * * goods by aircraft for hire * * *. In addition, contracting parties may adopt the convention's terms by reference in their contract. B.R.I. Coverage Corp. v. Air Canada (E.D.N.Y. 1989), 725 F. Supp. 133, 135. Under Article 28(1) of the Convention,
 {¶ 19} An action for damages must be brought, at the option of the plaintiff, in the territory of one of the High Contracting Parties, either before the court of the of the carrier or of his principal place of business, or where he has a place of business through which the contract has bee nor before the court at the domicile made, place of destination.
{¶ 20} The courts agree that Article 28(1)confers jurisdiction at the national level. Coyle v. P.T. Garuda Indonesia (D.Ore. 2001),180 F. Supp.2d 1160, 1169; Welch v. American Airlines, Inc. (D.P.R. 1997), 970 F. Supp. 85, 86. Consequently, Article 28(1) of the Convention tells us only that the United States as a whole is a proper forum for this action. Coyle, 180 F. Supp.2d at 1169. It does not dictate the proper venue within a particular country.
{¶ 21} Both federal and state courts have jurisdiction over claims under the Warsaw Convention. Sopcak v. Northern Mountain Helicopter Services(Alaska 1996), 924 P.2d 1006, 1009; Stewart v. Air Jamaica Holdings Ltd. (2000), 2000 Conn. Super. LEXIS 1107; but cf. Redl v. Northwest Airlines, Inc. (8th Cir. 2001), 2001 U.S. App. LEXIS 23702 (noting that state court dismissed Warsaw Convention claim for lack of subject matter jurisdiction).[1]
{¶ 22} Assuming that the Warsaw Convention applies, it is clear that the United States is a proper jurisdiction for suit under Article 28(1). The United States is the domicile of [EuroCargo] or of [its] principal place of business, or where [it] has a place of business through which the contract has been made. The Convention does not dictate where within the United States the action must be brought; that question is determined by local law, as a matter of personal jurisdiction or venue. Therefore, we overrule the first assignment of error to the extent it claims the court lacked subject matter jurisdiction.
 B. Personal Jurisdiction.
{¶ 23} EuroCargo next contends that the court did not have personal jurisdiction over it. It raised this defense in its answer and in its motion to dismiss, and thus preserved the issue for our review.
 {¶ 24} When determining whether a state court has personal jurisdiction over a foreign corporation, the court is obligated to engage in a two-step analysis. First, the court must determine whether the state's long-arm statute and applicable civil rule confer personal jurisdiction, and, if so, whether granting jurisdiction under the statute and the rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.
{¶ 25} U.S. Sprint Communications Co. Ltd. Partnership v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-84. Where the defense of lack of personal jurisdiction is asserted, the plaintiff has the burden on the motion to establish the court's jurisdiction. Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79, 85; also see Keybank Nat'l Assn. v. Tawill (1998), 128 Ohio App.3d 451, 455. Where, as here, the court rules on the motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. Compuserve, Inc. v. Patterson (6th Cir. 1996), 89 F.3d 1257, 1262.
{¶ 26} Civ.R. 4.3 and R.C. 2307.382 govern the personal jurisdiction of the Ohio courts. Civ.R. 4.3(A) provides, in pertinent part:
 {¶ 27} Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state * * * * Person includes * * * a corporation * * * who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:
 {¶ 28} (1) Transacting any business in this state;
 {¶ 29} (2) Contracting to supply services or goods in this state; * * *
 {¶ 30} (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
* * *
 {¶ 31} (7) Contracting to insure any person, property, or risk located within this state at the time of contracting;
* * *
 {¶ 32} (9) Causing tortious injury in this state to any person by an act outside this state committed outside this state committed with the purpose of injuring persons, when the person to be served might reasonably have expected that some person would be injured by the act in this state.
{¶ 33} Similarly, R.C. 2307.382 provides, in pertinent part:
 {¶ 34} (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
 {¶ 35} (1) Transacting any business in this state;
 {¶ 36} (2) Contracting to supply services or goods in this state; * * * *
 {¶ 37} (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
* * * *
 {¶ 38} (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state; * * * *
 {¶ 39} (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.
{¶ 40} In response to EuroCargo's motion to dismiss, Escada asserted that EuroCargo was subject to the personal jurisdiction of the courts of Ohio because it transacted business in Ohio, contracted to supply goods or services in the state, or caused tortious injury in the state. In addition, in its brief before this court, Escada claims EuroCargo sold insurance to it in Ohio. While Escada did not cite the specific provisions of R.C. 2307.382 and Civ.R. 4.3 upon which it claims the court's personal jurisdiction is based, we assume it is referring to the provisions quoted above.
{¶ 41} Contract to Insure. We first dispose of the argument that Ohio has personal jurisdiction over EuroCargo because it sold insurance to Escada in Ohio. Escada did not claim that EuroCargo contracted to insure the shipment. Rather, EuroCargo was to obtain insurance coverage for Escada from a third-party carrier.[2] This does not constitute contracting to insure within the meaning of R.C. 2307.382(A)(9) and Civ.R. 4.3(A)(7). Furthermore, the property Escada sought to insure was not in Ohio. Therefore, the agreement was not a contract to insure property located within the state within the meaning of R.C. 2307.382(A)(9) and Civ.R. 4.3(A)(7).
{¶ 42} Contract to Supply Goods and Services. Likewise, Escada's contention that Ohio courts have personal jurisdiction over EuroCargo because EuroCargo contracted to supply goods or services in Ohio also fails. EuroCargo contracted to provide transportation services between Los Angeles and Moscow; the only connection these services have to Ohio is that the owner of the goods to be shipped is located here. Therefore, Escada's claim did not arise from a contract for EuroCargo to supply services in Ohio. R.C. 2307.382(A)(2) and Civ.R. 4.3(A)(2).
{¶ 43} Transacting Business. The common pleas court concluded that it had personal jurisdiction over EuroCargo because this claim arose from EuroCargo's transacting any business in Ohio. The transacting business clause of R.C. 2307.382 and Civ.R. 4.3 was meant to extend the personal jurisdiction of Ohio courts to the federal constitutional limits of due process. Thus, the two part inquiry for determining personal jurisdiction described above dissolves into one: whether EuroCargo has sufficient contacts with Ohio to make the exercise of jurisdiction over EuroCargo comport with traditional notions of fair play and substantial justice. Compuserve, Inc. v. Patterson, 89 F.3d at 1263. Three criteria are used to make this determination:
 {¶ 44} First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.
{¶ 45} In Flight Devices Corp. v. Van Dusen Air, Inc. (6th Cir. 1972), 466 F.2d 220, 226. The purposeful availment requirement is satisfied when the defendant's contacts with the forum state proximately result from actions taken by the defendant itself that create a substantial connection to the forum. The defendant's conduct and connection to the forum must be such that it may reasonably anticipate being haled into court there. Burger King Corp. v. Rudzewicz (1985),471 U.S. 462, 474-75.
{¶ 46} The evidence presented by Escada shows only that Escada engaged EuroCargo's services and paid EuroCargo. These facts do not show that EuroCargo purposely availed itself of the privilege of acting in Ohio. The mere fact that EuroCargo entered into a contract with an Ohio company, without more, is insufficient to create personal jurisdiction. Burger King, 471 U.S. at 478. Although Escada engaged EuroCargo to handle other shipments during the two years before the contract in question, there is no evidence that this was anything more than an occasional arrangement, or that the parties contemplated an ongoing relationship, so as to create a systematic set of contacts between EuroCargo and an Ohio citizen. There is no evidence that EuroCargo reached out to solicit Escada's business in Ohio. The services EuroCargo provided were not to be performed in Ohio. Cf. Pharmed Corp. v. Biologics, Inc. (1994),97 Ohio App.3d 477 (contract for the sale of goods to be delivered to Ohio for resale here constituted transacting business). The fact that EuroCargo sent bills to Escada in Ohio, and that Escada made its payments to EuroCargo from Ohio, does not show that EuroCargo purposely availed itself of the privilege of doing business in Ohio.
{¶ 47} Escada has not made out a prima facie case that EuroCargo purposely availed itself of the privilege of doing business in Ohio. Therefore, we find that the common pleas court did not have personal jurisdiction over EuroCargo under the transacting business provision of R.C. 2307.382 and Civ.R. 4.3.
{¶ 48} Causing Tortious Injury by an Act Outside the State. For the same reasons, we also reject Escada's contention that Ohio has personal jurisdiction over EuroCargo under R.C. 2307.382(A)(4) and Civ.R. 4.3(A)(4) because EuroCargo regularly does or solicits business, engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio, and caused tortious injury in Ohio by an act or omission outside the state. EuroCargo did not do or solicit business in Ohio, for the reasons discussed above. See Weiskopf Indus. Corp. v. Hidden Valley Towel, Inc. (Dec. 22, 1994), Cuyahoga App. No. 67436. Nor did EuroCargo derive substantial revenue from services rendered in Ohio; its services were rendered elsewhere. Therefore, the common pleas court did not have personal jurisdiction over EuroCargo under R.C. 2307.382(A)(4) or Civ.R. 4.3(A)(4).
{¶ 49} Intentional Tortious Injury. The question whether the common pleas court may have had personal jurisdiction over EuroCargo under R.C. 2307.382(A)(6) and Civ.R. 4.3(A)(9) is more difficult. The complaint does allege that EuroCargo intentionally misrepresented that it would timely deliver Escada's goods to Moscow, thus, arguably, purposely causing tortious injury in Ohio by an act committed outside the state with the purpose of injuring persons, when the tortfeasor might reasonably have expected that some person would be injured in Ohio. R.C.2307.382(A)(6) and Civ.R. 4.3(A)(9). Nonetheless, EuroCargo's due process rights would be violated by the Ohio courts' exercise of personal jurisdiction over it. As discussed above in connection with the transacting business standard, there is no evidence EuroCargo established a meaningful connection with Ohio so as to make the exercise of jurisdiction here reasonable. See Heffernan v. Options Associates, Inc. (June 8, 2001), Hamilton App. No. C-000634 (dismissing fraud claim for lack of personal jurisdiction); The Cadle Co. v. Lobingier (Aug. 16, 1996), Trumbull App. No. 96-T-5353 (same).
{¶ 50} Accordingly, upon a thorough review of the record and the foregoing case law, we conclude that the trial court lacked in personam jurisdiction over appellant in this case and the default judgment taken against him * * * is void ab initio.
{¶ 51} Keybank Nat'l Assn. v. Tawill (1998), 128 Ohio App.3d 451,456. The first assignment of error is sustained to the extent EuroCargo contends that the common pleas court lacked personal jurisdiction over it. Therefore, we reverse and remand with instructions to dismiss the complaint for lack of personal jurisdiction.
{¶ 52} Our disposition of the first assignment of error makes it unnecessary to review the remaining assignments.Reversed and remanded with instructions to dismiss.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion. It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PRESIDING JUDGE KENNETH A. ROCCO, DIANE KARPINSKI, J. CONCUR, ANN DYKE, J. (DISSENTS WITH SEPARATE DISSENTING OPINION)
[1] However, the Warsaw Convention preempts state law for claims covered by the Convention. Therefore, no claim under state law may be brought if a party is unable to meet the conditions for liability under the Convention. El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng (1999),525 U.S. 155, 175-76.
[2] In answers to interrogatories, EuroCargo identified this carrier as Lloyds of London.