**In the Matter of CANTRILL CON-STRUCTION COMPANY, Inc., Bankrupt.**

**No. 68–4977.**

United States District Court
E. D. Kentucky,
Lexington Division.

Dec. 3, 1968.

Denham, Ralston & Nagle, by Glenn W. Denham, Middlesboro, Ky., for Commercial Bank of Middlesboro, Ky.

Goldberg & Lloyd, by Charles Rolph, Lexington, Ky., for trustee.

Marshall, Murphy & Moss, by E. David Marshall, Lexington, Ky., for bankrupt.

## MEMORANDUM AND ORDER

SWINFORD, Chief Judge.

This is a petition for review of an order of the Referee in Bankruptcy overruling the petition of Commercial Bank of Middlesboro, Kentucky, for reclamation of certain construction equipment.

On February 10, 1967, the bankrupt executed a note to the Commercial Bank for $30,310.00 payable in six months and a security agreement to secure this indebtedness covering certain described construction equipment. The security agreement stated that it was to secure a debt of $30,310.00 evidenced by a note payable in six months. On the same date the bankrupt also executed a financing statement which was properly recorded. On August 8, 1967, a payment was made on the original note, and a renewal note was executed by the bankrupt in the amount of $20,202.00 payable in six months. No new security agreement or financing statement was executed.

The bankrupt has not paid any of the $20,202.00 or any interest, and the value of the equipment which is the subject of this petition is not sufficient to satisfy this indebtedness.

The opinion of the Referee is well reasoned and succinct:

"The security agreement shows on its face that it was to secure a note in the amount of $30,310.00 payable within six months. It does not purport to secure payment of any extensions or renewals of the note, or future advances. The security agreement dated February 10, 1967, expired when the note dated February 10, 1967, was marked paid. Consequently at the date of bankruptcy, there was no agreement in effect conveying to Commercial Bank of Middlesboro, Kentucky, a security interest in any property of the bankrupt."

The Court of Appeals for the First Circuit was faced with a similar question in Safe Deposit Bank and Trust Co. v. Berman, 393 F.2d 401. There the bank-

rupt had executed a security agreement covering contract rights, etc., to secure a particular note and renewals or extensions thereof. The creditor attempted to enforce this agreement to secure subsequent notes, which contained a recitation that these contract rights under this agreement had been given as collateral for their payment. The court held that these notes were not secured by the prior security agreement. In the instant case, the security agreement did not even purport to cover renewals of the note. This statement of the First Circuit is applicable:

"In a commercial world dependent upon the necessity to rely upon documents meaning what they say, the explicit recitals on forms, without requiring for their correct interpretation other documents not referred to, would seem to be a dominant consideration." 393 F.2d at 404.

The petition for review is dismissed, and the order of the Referee, dated September 11, 1968, is confirmed.