HOICOWITZ, Appellant,

v.

POSITIVE EDUCATION PROGRAM et al., Appellees.

[Cite as *Hoicowitz v. Positive Edn. Program* (1994), 96 Ohio App.3d 363.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66406.

Decided Aug. 8, 1994.

364

*Shapiro, Turoff & Belkin, Alan Belkin* and *Evelyn D. Moore,* for appellant.

*Richard B. Gemperline* and *Mary A. Lentz,* for appellees.

*Per Curiam.*

Susan Hoicowitz, plaintiff-appellant, appeals from a judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of Positive Education Program ("PEP") and the Cuyahoga County Board of Education, defendants-appellants, in an action for tortious interference with a business contract or relationship. Hoicowitz assigns the following error for our review:

"The trial court erred in granting defendants' motion for summary judgment because the plaintiff presented evidence as to each legal element of her claim."

In compliance with App.R. 11.1, we find that the trial court did not err in granting PEP's motion for summary judgment. For the reasons set forth below, we affirm the decision of the trial court. The apposite facts follow.

Susan Hoicowitz was employed as a teacher for PEP, a nonprofit corporation operated by the Cuyahoga County Board of Education. PEP provided educational services to children with physical and emotional limitations. In March 1989, PEP decided not to renew Hoicowitz's teaching contract, which was to expire on June 30, 1989. In April 1989, Hoicowitz and PEP executed an agreement in which PEP agreed to pay Hoicowitz the salary remaining on her contract. PEP also agreed to provide Hoicowitz with a letter of recommendation upon receipt of a request by a specific employer. The agreement specified that all such requests should be directed to Dr. M. Lee Maxwell.

In June 1991, Hoicowitz received a conditional offer of employment from the Department of Human Services. Hoicowitz signed several employment release authorization forms and returned them to the Department of Human Services. The Department of Human Services sent one of the forms to Dr. Maxwell of PEP. Maxwell sent the form to PEP's personnel department, which sent an "Employee's Information Release Authorization Form" to Hoicowitz. Hoicowitz did not sign and return the form and PEP failed to release any information about Hoicowitz to the Department of Human Services. The Department of Human Services wrote to PEP in August 1991, requesting a recommendation for Hoicowitz. PEP did not provide the information and in September 1991, the Department of Human Services withdrew its offer of employment to Hoicowitz.

On January 3, 1992, Hoicowitz filed an action against appellees PEP and the Cuyahoga County Board of Education for tortious interference with an employment relationship. The complaint alleged that appellees acted willfully, wantonly, maliciously, and in reckless disregard of her rights. Hoicowitz sought $100,000 in compensatory damages, $150,000 in punitive damages, plus interest, costs, and attorney fees.

The trial court referred the case to nonbinding arbitration and, on January 15, 1993, the arbitrators ruled in favor of appellees. Hoicowitz requested a *de novo* appeal of the arbitrators' award. On September 13, 1993, appellees filed a motion for summary judgment. Appellees argued that they had no duty to provide Hoicowitz with a recommendation. They also argued that they had no intent to harm Hoicowitz. In opposing the motion for summary judgment, Hoicowitz argued that the April 17, 1989 agreement gave rise to a duty by appellees to provide Hoicowitz with a letter of recommendation. Hoicowitz also argued that appellees knew she was seeking employment and that the recommendation was necessary for Hoicowitz to secure employment. On October 7, 1993, the trial court granted appellees' motion for summary judgment.

The issue raised by this appeal is whether the trial court correctly granted summary judgment on Hoicowitz's claim of tortious interference with an employment relationship. In reviewing the trial court's decision, we conduct a *de novo* review of the case applying the standards set forth in Civ.R. 56(C).

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts, and written stipulations of facts show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). When evaluating a motion for summary judgment, the trial court must construe the evidence most strongly in favor of the nonmovant. *Id.*

Once appellees filed their motion for summary judgment claiming that Hoicowitz was not entitled to relief as a matter of law, the burden shifted to Hoicowitz to go forward with evidence in support of her claim. In order to establish tortious interference with a contract relationship, Hoicowitz had to go forward with evidence that a contract actually existed or was being negotiated, that appellees knew about the contract or negotiations, that appellees interfered with the contract or negotiation, that appellees acted maliciously and without legal justification, and that she was damaged by their actions. See *Universal Coach v. NYC Transit Auth.* (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28, 33–34.

Hoicowitz produced evidence that a request for information was sent to appellees from her prospective employer. The request for information indicated that Hoicowitz was being considered for employment at the Department of Human Services and that no action could be taken on her application for employment until the information was received. Hoicowitz argued that appellees' failure to send the Department of Human Services the requested information caused the Department of Human Services to withdraw its conditional offer of employment. We find, however, that Hoicowitz failed to produce evidence that

PEP acted maliciously or that appellees interfered with her prospective employment contract.

█ Both parties agree that, upon receipt of the request for information, appellees sent Hoicowitz a release form to sign. Hoicowitz admits that she did receive the form but did not return it to appellees. There is no evidence in the record to indicate that appellees would not have sent the requested information to the Department of Human Services if Hoicowitz had executed and returned the release. The element of malice in a claim of tortious interference with contract requires evidence of an unjustified interference with the contractual relationship. *Elwert v. Pilot Life Ins. Co.* (1991), 77 Ohio App.3d 529, 540, 602 N.E.2d 1219, 1226–1227. The evidence produced by Hoicowitz does not indicate that appellees interfered with the prospective employment contract between Hoicowitz and the Department of Human Services. Upon receipt of the Department of Human Services' request for information, appellees did not refuse to release the information but instead sent out its release form for Hoicowitz's signature. The form indicated that the requested information would be sent to the Department of Human Services when the release form was signed and returned. Because Hoicowitz did not go forward with evidence that appellees took any action to induce or cause the Department of Human Services to withdraw its offer of employment to Hoicowitz, the trial court correctly granted appellees' motion for summary judgment.

*Judgment affirmed.*

PATTON, P.J., BLACKMON and KRUPANSKY, JJ., concur.