This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Sandra York ("York") has appealed the judgment of the Lorain County Court of Common Pleas, which dismissed her complaint against Defendant-Appellee Sheffield-Sheffield Lake City School District Board of Education ("Board"). This Court reverses and remands for further proceedings.
 I
York had been employed by the Board as a bus driver and as a cafeteria server, but she was suspended from both positions after she tested positive for alcohol use. She was permitted to resume her cafeteria duties, but has not been reinstated as a bus driver.
York filed a complaint against the Board, asserting that she has a right to be reinstated to her position as a bus driver. York attached a copy of a written agreement the parties reached after learning of the positive results of the alcohol screen. York's complaint alleged that pursuant to the parties' agreement, the Board is obligated to restore her bus driving responsibilities.
The Board filed a motion to dismiss York's complaint, arguing that the complaint fails to state a claim upon which relief can be granted. The trial court granted the Board's motion and dismissed the complaint. It is from this dismissal that York has appealed. She has asserted one assignment of error.
 II Assignment of Error The trial court erred when it granted Defendant's [Civ.R.] 12(B)(6) motion, since Plaintiff's complaint was sufficient to state a claim upon which relief could be granted.
York has argued that the trial court erred in granting the Board's motion to dismiss her complaint for failure to state a claim upon which relief can be granted. This Court agrees.
This Court's review of an entry of dismissal under Civ.R. 12(B)(6) isde novo. Hunt v. Marksman Prod., Div. of S/R Industries, Inc. (1995),101 Ohio App.3d 760, 762, appeal not allowed (1995), 73 Ohio St.3d 1427. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union
(1975), 42 Ohio St.2d 242, syllabus. A court, in deciding whether to grant a Civ.R. 12(B)(6) motion, does not address the merits of the allegations contained in the complaint. Rather, as a matter of law, the court must accept all of the allegations in the petitioner's complaint as true. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. The court must construe the factual allegations "in a light most favorable to the plaintiff[.]" Universal Coach, Inc. v. New York City Transit Auth.,Inc. (1993), 90 Ohio App.3d 284, 290.
York set forth the following allegations in her complaint, which must be taken as true: York is, and was at all relevant times, employed by the Board as a bus driver and cafeteria server; she tested positive for alcohol during a random substance abuse screening on March 14, 2000; a meeting was held on March 15, 2000, concerning the test results; the parties reached an agreement, which was memorialized on March 16, 2000; York has fulfilled all of her obligations under the agreement; and, pursuant to the agreement, the Board is required to reinstate her bus driving duties.
The Board has argued that the trial court properly dismissed York's claim because the agreement does not obligate the Board to restore York's bus driving responsibilities. The agreement, the Board has asserted, merely states that if York met certain requirements, she would beeligible to return to her position as a bus driver.
The agreement reads in relevant part:
 You are suspended without pay from work for three work days. This includes both bus driving and cafeteria duties. The suspension shall be served on March 15, 16, and 17. For reasons discussed in the next paragraph, you are eligible to return to only your cafeteria position on Monday, March 20.
 Pursuant to Board Policy 5.12, Section V(C)(2), an evaluation by a substance abuse professional must occur. The substance abuse professional may require treatment before you are permitted to return to performance of saftey-sensitive [sic] duties. Even if no treatment is required, the policy requires a follow-up alcohol test before you can return as a bus driver.Therefore, following the three day disciplinary suspension, your eligibility to return to your bus driving position is contingent upon fulfilling the additional requirements of Board Policy 5.12 as summarized in this paragraph. At your election, you may use accumulated sick leave for your absence from your bus driving position following your unpaid suspension. Otherwise you will not be paid for the bus driving position until you return to work. Through your representative, you have been provided with information necessary to start the assessment process.
Taking the factual allegations in York's complaint as true, and construing those facts and all reasonable inferences therefrom in a light most favorable to York, this Court cannot say that it appears beyond doubt that York cannot prove that the Board was required under the agreement to reinstate York to her position as a bus driver. The agreement is ambiguous on this point. Because resolving this ambiguity requires the trial court to look beyond the complaint, the trial court erred in granting the Board's Civ.R. 12(B)(6) motion to dismiss York's complaint. See Christian v. Twinsburg City School Dist. (Sept. 7, 1988), Summit App. No. 13516, unreported, at 5-6 (explaining that it is improper for a trial court to examine any evidence outside the four corners of the complaint in deciding a Civ.R. 12(B)(6) motion).
 III
The sole assignment of error is sustained. The judgment of the court of common pleas is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.