**Paul Richard TINSLER; Sandra Kay Tinsler, Plaintiffs–Appellants,**

v.

**Gilbert NAFZIGER; John J. Hunter, Jr.; Stanley J. Yoder; Weaner, Zimmerman, Bacon, Yoder & Hubbard Ltd.; Tim Boeck; Darrell E. Merillat; Richard Buchs, Defendants–Appellees.**

No. 01–3773.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

*ORDER*

Paul Richard Tinsler and Sandra Kay Tinsler, proceeding pro se, appeal a district court judgment dismissing their civil

of Michigan, sitting by designation.

action filed under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and Ohio Rev.Code § 2923.13, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, the Tinslers sued numerous individuals who had been involved in a foreclosure action decided against the plaintiffs, and others who had participated in the sale of their property following a court ordered foreclosure sale. The Tinslers essentially claimed that: 1) the defendants engaged in various violations of Ohio criminal law; 2) the defendants engaged in conduct in violation of Ohio and federal RICO law; and 3) the defendants engaged in fraudulent conduct against the Tinslers. Upon review, the district court granted Hunter's and his firm's motion to dismiss the complaint for failure to state a claim upon which relief could be granted; the district court also granted summary judgment in favor of the remaining defendants.

On appeal, the Tinslers essentially reassert their claims. They also argue that: 1) the district court violated the Tinslers' right of access to the courts and their equal protection rights when it dismissed their complaint; and 2) the district court improperly dismissed the complaint prior to discovery.

Contrary to the Tinslers' argument on appeal, the district court did not abuse its discretion when it dismissed the complaint prior to "formal discovery." *Bill Call Ford, Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir.1995). For reasons more thoroughly explained below, the Tinslers' allegations did not even state a claim upon which relief could be granted. Hence, discovery was unnecessary and would have been inefficient. *Rolex Watch U.S.A., Inc.*

*v. Crowley,* 74 F.3d 716, 721–22 (6th Cir. 1996). In addition, because the district court properly concluded that the Tinslers' allegations did not even state a claim upon which relief could be granted, the district court did not violate the Tinslers' right of access to the courts or their equal protection rights when it dismissed the complaint.

The district court properly granted summary judgment to defendants Merillat and Buchs because they are entitled to quasi-judicial immunity since the Tinslers' claims against these defendants are based on the defendants' participation in a court ordered foreclosure. *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir.1994). They are also entitled to qualified immunity because the Tinslers simply have not established that these defendants knew or reasonably could have known that any of their actions would have violated any of the plaintiffs' clearly established statutory or constitutional rights. *Sova v. Mt. Pleasant,* 142 F.3d 898, 902 (6th Cir.1998).

The district court also properly granted summary judgment to defendants Yoder and his firm (Weaner, Zimmerman, Bacon, Yoder & Hubbard Ltd.) and to defendants Merillat and Buchs. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). First, the Tinslers did not meet their burden of establishing any of the elements necessary prevail on a federal RICO claim, *see, e.g., Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), or an Ohio RICO claim. *Universal Coach v. New York Transit Auth.,* 90 Ohio App.3d 284, 629 N.E.2d 28, 32 (1993). Second, the Tinslers did not state with any particularity the circumstances constituting the basis of their claim that the defendants committed a fraud against them. *Advocacy Org. for Patients and Providers v. Auto Club Insurance Assoc.,* 176 F.3d 315, 322 (6th Cir.1999). Finally, the Tinslers have not stated a claim with

regard to their allegations that the defendants violated certain Ohio criminal statutes because they have not identified the specific statutes that the defendants allegedly violated, and they have not established that any such statutes provide a private cause of action.

For the reasons stated in the previous paragraph, the district court also properly dismissed the Tinslers' claims against defendants Nafziger, Boeck, Hunter and his firm (Hunter & Schank). *Turker v. Ohio Dept. of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998). The Tinslers simply did not state a claim against these defendants upon which relief could be granted.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.