TURCHYN et al., Appellants,

v.

NAKONACHNY et al., Appellees.

[Cite as *Turchyn v. Nakonachny,* 157 Ohio App.3d 284, 2004-Ohio-2692.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 83557.

Decided May 27, 2004.

William Turchyn, pro se.

Maria Turchyn, pro se.

Ulmer & Berne LLP, Yelena Boxer and Ronald H. Isroff, for defendants-appellees John R. Nakonachny, Fr. Deacon Ihor Mahlay, Metropolitan Constantine, Archbishop Antony, Rev. Volodymyr Steliac, Steven Gregory Pawuk, Paul Burlij, Jack Burscu, Lydia Schkurko, Wasyl Kotelewec, Eugene Boyko, Hans Harasimchuk, Alex Hutnik, Lucy Komichak, Roman Malysz, Iwan Michailuk, Wasyl Ponomarenko, Olga Samocha, Deborah Sirko–Osadsa, Anaolij Lysyj, Rev. Frank Estocin, and Michael Heretz and co-counsel for Helen Greenleaf, Michael Kominko and Michael Dobronos, Sr.

Gallagher, Sharp, Fulton & Norman, Timothy J. Fitzgerald and Janice Aitken, for defendant-appellee Michael Dobronos, Sr.

Davis & Young and Dennis R. Fogarty, for defendant-appellee Greenleaf Capital Management.

Ritzler, Coughlin & Swansinger, Ltd., and Thomas M. Coughlin, for defendant-appellee Geofrey Greenleaf, Jr.

Buckley, King & Bluso, Brent M. Buckley and Harold R. Rauzi, for defendant-appellee Helen Greenleaf.

Smith, Marshall, Weaver & Vergon and R. Eric Smearman, for defendant-appellee Michael Kominko.

Western, Hurd, Fallon, Paisley & Howley LLP and Mark S. Bennett, for defendant-appellee Dennis Kristof.

Davis & Young and Patrick F. Roche, for defendant-appellee Eugene Wrubel.

MICHAEL J. CORRIGAN, Administrative Judge.

{¶ 1} William Turchyn and Maria Turchyn (collectively, "appellants") appeal from the trial court's judgment granting appellees'[1] joint motion to dismiss appellants' amended complaint for failure to state a claim and lack of subject matter jurisdiction.

{¶ 2} The gravamen of appellants' lengthy amended complaint is twofold. First, appellants allege that, as parishioners of St. Vladimir's Ukrainian Orthodox Church ("St. Vladimir's"), they were harmed when their diocese, the Ukrainian Orthodox Church of the United States of America (interchangeably referred to as "UOC–USA" or "diocese"), decided in 1995 to be recognized by and fall under the spiritual direction of the Ecumenical Patriarch in Turkey. It appears that appellants disapproved of the UOC–USA's decision, as they preferred St. Vladimir's (and the diocese) to be directly affiliated with the Orthodox Church in Kiev, Ukraine. Second, William Turchyn alleges that he was harmed when the clergy of St. Vladimir's decided in 1999 to place him on "spiritual suspension" surrendering his "privilege to receive the Mystery of Holy Communion" for his "actions * * * opposite to the teachings of the Holy Ukrainian Orthodox Church." Appellants allege that both the 1995 decision and the 1999 decision constituted a pattern of corrupt activity, fraud, and a scheme to defraud St. Vladimir's members of property and assets.

{¶ 3} Appellees filed a joint motion to dismiss, arguing that the trial court lacked subject matter jurisdiction because appellants' claims depended upon resolution and review of religious doctrine and that appellants failed to state a valid claim upon which relief can be granted under R.C. 2923.31 et seq., Ohio's Pattern of Corrupt Activity Act ("Ohio RICO"). Appellants filed a brief in opposition to appellees' joint motion to dismiss, as well as three supplemental briefs. By leave of court, appellees filed a reply memorandum in support of their joint motion to dismiss.

{¶ 4} The trial court, in granting appellees' joint motion to dismiss for "failure to state a claim and lack of subject matter jurisdiction," reasoned as follows:

---

1. The appellees consist of appellants' pastor and deacon, 20 current or former members of the Board of Trustees of St. Vladimir's Ukrainian Orthodox Church, and the Metropolitan of Ukrainian Orthodox Church of the United States of America. They include John R. Nakonachny, Geofrey Greenleaf, Greenleaf Capital Management, Helen Greenleaf, Fr. Deacon Ihor Mahlay, Metropolitan Constantine, Archbishop Antony, Rev. Volodymyr Steliac, Rev. Dennis Kristof, Michael Kominko, Steven Gregory Pawuk, Paul Burlij, Jack Burscu, Lydia Schkurko, Wasyl Kotelewec, Eugene Boyko, Michael Dobronos Sr., Hans Harasimchuk, Alex Hutnik, Lucy Komichak, Roman Malysz, Iwan Michailuk, Wasyl Ponomarenko, Olga Samocha, Deborah Sirko–Osadsa, Eugene Wrubel, Dr. Anaolij Lysyj, Rev. Frank Estocin, Michael Heretz, and John and Jane Does.

{¶ 5} "Under Ohio RICO, '[n]o person employed by, or associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.' Ohio Rev.Code 2923.32(A)(1). To state a valid claim under RICO, plaintiffs must plead with particularity: (1) conduct of defendants which involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) the prohibited criminal conduct of the defendants constitute[s] a pattern of corrupt activity; and (3) the defendants have participated in the affairs of an enterprise or has [sic] acquired and maintained interest in or control of an enterprise. *Universal Coach, Inc., v. New York City Transit Authority,* 90 Ohio App.3d 284, 291 [629 N.E.2d 28]. The court finds that plaintiffs' blanket allegations of wrongdoing on the part of church officials and parishioners do not satisfy the Universal Test. Additionally, plaintiffs' allegations neither meet the definition of 'corrupt activity' as defined by Ohio Rev.Code 2923.31(I), nor do they sufficiently establish the existence of an 'enterprise' acting apart from the patter[n] of activity in which i[t] engages. *Patton v. Wilson* (June 26, 2003), Cuyahoga County App. No. 82079, 2003 WL 21473566. The court also notes that plaintiffs' claims as to William Turchyn's 'spiritual suspension' require interpretation of ecclesiastical issues of religious governance and the court declines to exercise jurisdiction over internal parish procedure, finding it more properly a matter for church discipline. *Shariff v. Rahman* ([Mar. 20], 2003) [152 Ohio App.3d 210, 787 N.E.2d 72], Cuyahoga County App. No. 80745, 2003 WL 1354345."

{¶ 6} Appellants now appeal, asserting four assignments of error.

{¶ 7} For their first assignment of error, appellants contend that the trial court abused its discretion when it converted appellees' joint motion to dismiss into a motion for summary judgment without notifying all parties and not permitting appellants adequate time for discovery. Appellants' contention, however, is wholly inaccurate, as there is nothing in the record before us that suggests that the trial court converted appellees' joint motion to dismiss, based on lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, into a motion for summary judgment. The trial court specifically ruled upon and granted appellees' joint motion to dismiss. Thus, appellants' first assignment of error is overruled.

{¶ 8} In their second and third assignments of error, appellants contend that the trial court abused its discretion when it found that it lacked subject matter jurisdiction over their claims. Specifically, appellants assert that the trial court had jurisdiction to determine whether St. Vladimir acted appropriately when the diocese and St. Vladimir's chose to be affiliated with the Ecumenical Patriarch in Turkey and when the clergy of St. Vladimir's suspended William

Turchyn's right to receive Holy Communion. Appellants' assertions are without merit.

{¶ 9} It should be noted that the trial court did not dismiss appellants' claims as to the 1995 decision to be affiliated with the Ecumenical Patriarch in Turkey because it lacked subject matter jurisdiction. Instead, the trial court expressly stated that it declined jurisdiction only over William Turchyn's "spiritual suspension" claim because it "require[d] interpretation of ecclesiastical issues of religious governance * * * [which is] more properly a matter for church discipline." Appellants' claims as to the 1995 decision were dismissed for failure to state a claim under Ohio RICO.

{¶ 10} In *Tibbs v. Kendrick* (1994), 93 Ohio App.3d 35, 43, 637 N.E.2d 397, this court set forth a two-step analysis to determine whether a court has subject matter jurisdiction to resolve a dispute between church members. First, the court must determine whether the church is a hierarchical or congregational church. Id. If the church is hierarchical, the court must decline jurisdiction. If the church is congregational, the court must determine whether the controversy involves ecclesiastical or secular issues. If the controversy is determined to be ecclesiastical, the court must decline jurisdiction. Id.

{¶ 11} Here, regardless of whether St. Vladimir's is a hierarchical or congregational church, the propriety of suspending a parishioner's privilege to receive Holy Communion is purely an ecclesiastical issue. For example, in *Shariff v. Rahman,* 152 Ohio App.3d 210, 2003-Ohio-1336, 787 N.E.2d 72, this court affirmed the trial court's dismissal of mosque members' claims that they had been improperly excluded by the imam from participating in congregational prayer because the determination involved a review of ecclesiastical matters of the mosque. Because William Turchyn's "spiritual suspension" necessarily involves ecclesiastical matters of St. Vladimir's, this court properly dismissed this claim for lack of subject matter jurisdiction. Appellants' second and third assignments of error are overruled.

{¶ 12} For their fourth and final assignment of error, appellants contend that the trial court erred when it found that appellants failed to state a claim upon which relief can be granted under Ohio RICO.[2] Appellants' contention is without merit, even when reviewing appellants' allegations in the light most favorable to them.

---

2. Appellants also reassert here the argument raised in their second assignment of error. However, because this court has already addressed appellants' second assignment of error, the remaining issue raised by appellants relates to Ohio RICO.

{¶ 13} To maintain a valid action under Ohio RICO, the following three threshold requirements must be met:

{¶ 14} "(1) conduct of the defendant which involves the commission of two or more of specifically prohibited state or federal criminal offenses;

{¶ 15} "(2) the prohibited criminal conduct of the defendant constitutes a pattern of corrupt activity; and

{¶ 16} "(3) the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise." *Universal Coach, Inc. v. New York City Transit Auth.* (1993), 90 Ohio App.3d 284, 291, 629 N.E.2d 28.

{¶ 17} First, appellants failed to allege that appellees' conduct involved the commission of two or more of the specifically prohibited state or federal criminal offenses and that such conduct constituted a pattern of corrupt activity. The decision of the diocese and St. Vladimir's to be affiliated with the Ecumenical Patriarch in Turkey is not a designated crime under Ohio and federal criminal statutes constituting "corrupt activity." Likewise, the decision of the clergy of St. Vladimir's to place William Turchyn on "spiritual suspension" is also not a designated crime under Ohio and federal criminal statutes.

{¶ 18} Although appellants allege that their pastor's salary constituted a misappropriation of corporate funds because the pastor used church letterhead to promote opinions and viewpoints contrary to those held by appellants, criminal misappropriation does not include an employee's receipt of salary. And although appellants allege that their pastor laundered money when he solicited and received $25,000 from St. Vladimir's for a charitable organization, appellants failed to further allege that the monies were collected for an unlawful activity or never given to the charity. Instead, appellants allege that when the pastor collected the money, he failed to disclose an "affiliation" with the Ecumenical Patriarch in Turkey. The failure to disclose this affiliation is not a designated crime under Ohio and federal criminal statutes constituting "corrupt activity."

{¶ 19} Second, appellants failed to allege an enterprise. Because an enterprise may not be composed simply of a corporation and its officers or employees, appellants' allegation that the "enterprise" consisted of all appellees who were employed by or associated with St. Vladimir's does not suffice. *Patton v. Wilson,* Cuyahoga App. No. 82079, 2003-Ohio-3379, ¶ 20.

{¶ 20} Because the failure of a plaintiff to plead any of the elements necessary to establish a violation under Ohio RICO results in a defective complaint that cannot withstand a motion to dismiss based upon a failure to state a claim upon which relief can be granted, appellants' "blanket allegations," without more, were

properly dismissed by the trial court. See *Universal Coach,* 90 Ohio App.3d at 291, 629 N.E.2d 28. Appellants' fourth assignment of error is overruled, and the judgment of the trial court granting appellees' joint motion to dismiss is affirmed.

{¶ 21} The judgment is affirmed.

Judgment affirmed.

FRANK D. CELEBREZZE JR. and ANTHONY O. CALABRESE JR., JJ., concur.