[Cite as *Marshall v. Elliott*, 2017-Ohio-5813.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104959**

# KATHLEEN MARSHALL

PLAINTIFF-APPELLANT

vs.

# COOPER & ELLIOTT, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED IN PART;
REVERSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-817284

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 13, 2017

**ATTORNEYS FOR APPELLANT**

Randy J. Hart
Randy J. Hart, L.L.P.
3601 South Green Road, #309
Beachwood, Ohio 44122

A. Scott Fromson
A. Scott Fromson Attorney at Law
32125 Solo Road
Solon, Ohio 44139

**For Michael A. Dolan**

Michael J. O'Shea
O'Shea & Associates Co., L.P.A.
700 West St. Clair, Suite 110
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEES**

Charles H. Cooper
Rex H. Elliott
Cooper & Elliott, L.L.C.
2175 Riverside Drive
Columbus, Ohio 43221

**For Anthony O. Calabrese, III**

John R. Christie
Lewis, Brisbrois, Bisgaard, & Smith L.L.P.
1375 East Ninth Street, Suite 2250
Cleveland, Ohio 44114

EILEEN A. GALLAGHER, P.J.:

{¶1}  Plaintiff-appellant, Kathleen Marshall appeals from the order of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Charles H. Cooper, Rex H. Elliott, Cooper & Elliott, L.L.C. and Anthony O. Calabrese III.   For the following reasons, we affirm in part, and reverse in part.

**Facts and Procedural Background**

{¶2} On November 14, 2013 appellant filed a complaint against appellees alleging claims for breach of contract, conversion, fraud and civil conspiracy.   These claims arose out of appellant's central allegation that appellees conspired with her ex-husband, G. Timothy Marshall, to conceal attorney fees to which he was entitled, for work performed in conjunction with appellees during a class action lawsuit from the marital estate, during her divorce from Marshall.   As a part of the divorce settlement appellant was assigned any contractual rights her husband possessed in this matter.

{¶3} The record reflects that the Law Offices of G. Timothy Marshall, Cooper & Elliott and Michael Dolan were involved as attorneys of record in a class action lawsuit involving the unlawful provision of consumer credit information by TransUnion.   Dolan and Marshall worked with Cooper & Elliott to identify class members for the multidistrict litigation that resulted in a settlement for their clients and attorney fees in the amount of $1,234,045.00.   The fees were distributed after appellant and Marshall had separated but before their divorce proceeding began.   Cooper & Elliott retained $617,000.00 of the

fees and distributed $308,000.00 to Dolan and $308,000.00 to Marshall's nephew, Calabrese. Calabrese paid Marshall $17,500.00 of the money he received from Cooper & Elliott.

{¶4} Cooper & Elliott credited Calabrese with the plan to join in the TransUnion action and maintain that, although he was never listed as an attorney of record in the case, Calabrese's role was to assist in developing and implementing the TransUnion strategy, drafting and editing pleadings, coordinating the entry of claims into a database and to undertake some of the expenses. In defense of the decision to distribute the $308,000.00 in TransUnion fees to Calabrese rather than the law office of G. Timothy Marshall, Cooper and Elliott allege that they reasonably believed that Calabrese was operating in an of-counsel role for Marshall's firm. They further cite an affidavit wherein Marshall averred that he had been appropriately paid for his efforts in the TransUnion matter by Calabrese.

{¶5} Conversely, appellant maintains that Cooper & Elliott breached the TransUnion attorney fee agreement by directing Marshall's fees to Calabrese when he was never listed as an attorney of record in the agreement. She similarly maintains that the fees were converted by the parties and that they engaged in a fraudulent scheme and civil conspiracy to shield the fees from the marital estate during her divorce.

{¶6} The trial court granted summary judgment on all of appellant's claims against appellees. After the remaining claims by and against other parties were dismissed, appellant filed the instant appeal.

**Law and Analysis**

{¶7} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996 Ohio 336, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶8} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶9} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id*. at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

**I. Breach of Contract**

{¶10} In considering summary judgment on appellant's breach of contract claim, the trial court concluded that the record demonstrates a breach of contract by Cooper &

Elliott regarding the disbursement of attorney fees in this instance. We agree that the facts raise a genuine issue of material fact as to whether Cooper & Elliott breached their contract with Marshall. Cooper & Elliot attempt to justify the disbursement of Marshall's share of the TransUnion Fees to Calabrese by arguing that they reasonably relied upon their belief that Anthony Calabrese III represented the Law Office of G. Timothy Marshall in an of-counsel attorney position. Cooper & Elliot argue that this belief was reasonable because (1) Calabrese had recently left another firm and his new firm was in the formative stages, (2) Marshall's law firm was well established and (3) Calabrese had a close, personal relationship with Marshall because he was Marshall's nephew. Cooper & Elliot further assert that Calabrese was a "point of contact" with Marshall and emails indicated the two attorneys shared the same legal assistant.

{¶11} None of these points firmly established an of-counsel relationship between Calabrese and Marshall's firm. In fact, the reasonableness of Cooper & Elliott's belief is called into question by a September 18, 2009 email from Chip Cooper to Calabrese wherein Cooper stated: "We should talk about how we make sure you're included (e.g. are you 'of counsel' to Mike Dolan, do we need to list your firm, etc.)"' It is clear from this communication that the question of Calabrese's formal role and relationship to the parties had been raised and that Cooper was apparently aware that Calabrese had his own firm. There is no explanation for the parties' decision to omit Calabrese's name from the listed attorneys in the TransUnion litigation, nor is there an explanation why Cooper & Elliott chose to assume an of-counsel relationship existed when (1) the question had

been raised by Cooper and (2) a single phone call or email to Marshall or Calabrese could have provided a definitive resolution. Reasonable minds could reach differing conclusions in regards to the reasonableness of Cooper & Elliott's belief that Calabrese was of-counsel to Marshall's firm.

{¶12} We diverge from the trial court's analysis with its conclusion that appellant is unable to demonstrate damages due to Marshall's alleged ratification of the fee disbursement and his averment that he was paid appropriately by Calabrese. There is no dispute that the fees should have been distributed to Marshall's firm. If Calabrese was an independent attorney in this matter he should have been listed on the various court filings in the TransUnion case and be paid for his role pursuant to the fee agreement amongst the several attorneys. If, instead, we accepted Cooper & Elliott's view of the facts, the fees should still have been dispersed to Marshall's firm and then divided appropriately to any of-counsel attorneys under Marshall's direction. Neither of these occurred. Instead, we are left with Marshall's contention that he was paid appropriately by Calabrese. However, Marshall, having assigned his claims pertaining to the TransUnion fees to appellant, is no longer a party-plaintiff in this case and his averments cannot be treated as stipulations by appellant. Appellant has clearly challenged the veracity of the statements made by her ex-husband, alleging that he engaged in a scheme to shelter the TransUnion fees in their divorce. Cooper & Elliott's alleged breach of contract in disbursing fees directly to Calabrese rather than through any of the above-listed options plainly prejudiced appellant's ability to resolve this matter within the

confines of the divorce action.   On these facts, we find a genuine issue of material fact exists.

**{¶13}** Appellant's first assignment of error is sustained.

**II. Conversion**

**{¶14}** Appellant argues in her second assignment of error that the trial court erred in granting summary judgment in favor of appellees on her conversion claim.

**{¶15}** The elements of conversion are "(1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Dream Makers v. Marshek*, 8th Dist. Cuyahoga No. 81249, 2002-Ohio-7069, ¶ 19, quoting *Haul Transport of Va., Inc. v. Morgan*, 2d Dist. Montgomery No. CA 14859, 1995 Ohio App. LEXIS 2240 (June 2, 1995). Conversion is "any distinct act of dominion wrongfully exerted over one's property in denial of his rights or inconsistent with it." *Schiff v. Dickson*, 8th Dist. Cuyahoga Nos. 96539 and 96541, 2011-Ohio-6079, ¶ 30.

**{¶16}** We find that summary judgment was appropriate as to appellant's conversion claim based on the holding in *Landskroner v. Landskroner*, 154 Ohio App.3d 471, 2003-Ohio-5077, 797 N.E.2d 1002, ¶ 27 (8th Dist.) ("Because the property subject to appellant's conversion claim is not identifiable, personal property but rather comprises monies appellant claims are due and owing him under an agreement, appellant can prove no set of facts that would entitle him to recover on his claim for conversion.").

Appellant's conversion claim plainly falls within the ambit of *Landskroner* and is barred by the holding in that case.

{¶17} Appellant's second assignment of error is overruled.

### III. Fraud and Civil Conspiracy

{¶18} In her third and fourth assignments of error appellant argues that the trial court erred in granting summary judgment in favor of appellees on her fraud and civil conspiracy claims.   We agree.

{¶19} A case for common law fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984).

{¶20} The elements of a civil conspiracy claim include: (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself. *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 90 Ohio App.3d 284, 292, 629 N.E.2d 28 (8th Dist. 1993).

{¶21} We find genuine issues of material fact exist on both these claims. Calabrese and Cooper & Elliott's explanation for the peculiar oddities and abnormality of the fee disbursement process vis-′a-vis Calabrese and Marshall may be entirely truthful and valid. However, the questionable circumstances of the disbursement itself raise a genuine issue of material fact such that the credibility of the explanations should be resolved by a finder of fact rather than on summary judgment.

{¶22} Appellant's third and fourth assignments of error are sustained.

{¶23} The judgment of the trial court is affirmed in part, and reversed in part and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR